(Court of Appeal, Parish of Orleans.)

## UNION HOMESTEAD ASSOCIATION vs. M. J. CASTAING & CO. ET ALS.

### On Motion to Dismiss.

When a motion to dismiss fails to comply with the rules of this court, it will not be taken up *in limine,* but consideration of it will be postponed until the cause is submitted on its merits.

Motion to dismiss denied without prejudice.

Appeal from Civil District Court, Division "C."

Carroll & Carroll, for plaintiff and appellant.

G. Lemle, Titche & Rogers, H. G. Stewart, L. Saxon, A. M. Buchmann, Jos. Lautenschlaeger, Butler, Stafford, Lambert & Robinson, Benedict, H. M. Ansley, G. H. Terriberry, Rice & Montgomery, Lazarus, Michel & Lazarus, H. L. Favrot, Mrs. J. B. Gessner, for defendants and appellees.

GODCHAUX, J.—One of the several appellees, H. F. Lewis & Co., has moved to dismiss the appeal, but its motion is not accompanied by briefs as required by Rule 9 of this court. A consideration of the motion consequently will not be taken up in limine, but will be postponed until the cause is submitted on its merits.

> N. O. Lighting Co. vs. Mrs. A. Leitz, Jr., 6 Court of Appeal 143; Clements vs. Testard, 6 Court of Appeal 177.

The motion to dismiss the appeal is accordingly denied without prejudice.

March 15, 1911.

## On the Merits.

Where a question of law has once been decided by this Court, and a writ of review has been applied for thereon and denied by the Supreme Court, the point will be considered finally settled, at least as to this Court, and will not be re-examined here.

ST. PAUL, J.—This case is before us both on motion to dismiss the appeal and on the merits.

**On the motion to dismiss:** This motion was made by one only of the appellees. From the brief filed in its behalf we quote the following:

"At the time the motion to dismiss was filed counsel for the receiver of H. F. Lewis & Co., Limited, was of the opinion that the motion to dismiss was well founded, but upon consideration believes that the motion to dismiss is not good and the same should not be considered."

In view of this abandonment the motion to dismiss the appeal must be denied.

**On the Merits:** The several appellees have established their reconventional demands by evidence deemed sufficient by the trial judge, and our attention has not been directed to any error in his appreciation thereof. His finding of fact must therefore remain undisturbed.

The only question of law presented is whether a contractor's bond the penalty whereof was made in favor of the owner as well as laborers, sub-contractors, and material men, complied with the requirements of Act 180 of 1894. And we are asked to distinguish between this case and **Hughes vs. Smith, 114 La. 298, on the** ground that in the case at bar the bond expressly recited that it was given in compliance with the terms of that act. From this it is argued the bond was statutory and not conventional.

The same question came up in **Peoples Homestead As-**

sociation vs. Staub, 3rd. Court of Appeal, 93, and this court held that such a bond was conventional and not statutory. Application was then made to the Supreme Court for a writ of review, but the writ was denied.

From this we can only conclude that that court saw no error in the opinion and ruling laid before it; and hence we see no reason to re-examine the point which must be considered as finally settled, at least as to this court.

Appellant asks that the verbiage of the judgment be changed in some particulars, and the appellees make no objection. These changes will therefore be made.

Appellant also asks that a judgment in its favor and against M. J. Castaing & Co., M. J. Castaing and Y. R. LeMonnier, Jr., be avoided and set aside, on the ground that they were not cited and no judgment was even prayed for against them. It is entitled to this relief and, as suggested, to a reservation of its rights against them.

But these changes do not in our opinion entitle the appellant to recover the costs of this appeal.

As to the judgments in favor of the intervenors against these persons, the appellant cannot be hurt thereby, for they are mere nullities on their face, and can hurt no one. But appellant has no concern therein.

### Decree

It is, therefore, ordered that the motion to dismiss the appeal herein filed be denied.

It is further ordered that so much of the decree herein appealed from as gives judgment in favor of plaintiff and against M. J. Castaing & Co., M. J. Castaing and Y. R. LeMonnier, Jr., for the sum of $487.50, be stricken therefrom, as void and of no effect reserving however unto

the said plaintiff all its rights against them in the premises.

It is further ordered that the judgment in reconvention in favor of Berlin Steam Sash, Door and Blind Co., be made to read in favor of the heirs of Henry Huerkamp, proprietors thereof, that the judgment on reconvention in favor of the widow and heirs of Rudolph G. Holzer be made to read in favor of estate of R. G. Holzer, a commercial firm, composed of said persons; that the judgment in favor of H. F. Lewis & Co., Limited, be made to read in favor of Frank Bethune, receiver thereof.

And as thus amended the judgment appealed from is affirmed at the cost of the appellant.

May 15, 1911.